Patrick MUNROE and Phillip Fayon, Plaintiffs–Appellants,

v.

WESTCHESTER COMMUNITY COLLEGE, David Bernstein, Individually and as Assistant Dean, Joseph N. Hankin, Individually and as President, Marjorie Glusker, Individually and as Vice–President and Dean, Robert Nechols, Individually and as English Language Institute Program Administrator, Timothy S. Carey, Edward Brady, Aleida Frederico, Jerry Jerome, Angela M. Korniczky, Richard B. Liebowitz, Leroy W. Mitchell, Jack Stadler, John G. Testa, All Individually and as Members of Westchester Community College Board of Trustees and County of Westchester, New York, Defendants–Appellees.

No. 05–4543–cv.

United States Court of Appeals, Second Circuit.

April 21, 2006.

John R. Lewis, Sleepy Hollow, New York, for Plaintiffs–Appellants.

David Seth Poppick, Epstein, Becker, and Green, Stamford, CT, for Defendants–Appellees.

Present: THOMAS J. MESKILL, ROSEMARY S. POOLER, and PETER W. HALL, Circuit Judges.

## SUMMARY ORDER

Plaintiff-appellant Patrick Munroe[1] appeals a grant of summary judgment in favor of defendants-appellees, Westchester Community College, et al. ("defendants"). The United States District Court for the Southern District of New York (Brieant, J.) granted summary judgment after determining that the speech at issue was not on a matter of public concern. We assume the parties' familiarity with the facts, procedural history, and specification of issues on appeal.

 Because the district court found that the speech was not on a matter of public concern, it did not proceed to apply the factors set forth in *Johnson v. Ganim,* 342 F.3d 105, 114 (2d Cir.2003). In *Johnson,* we noted that an employer may take action, even against speech on a matter of public concern if: (1) the employer's prediction of the disruption that the speech will cause is reasonable; (2) the potential disruption outweighs the value of the speech; and (3) the employer took the adverse employment action because of the potential disruption and not because of the speech. *Id.* The second factor is the so-called *Pickering* balancing test. *See Connick v. Myers,* 461 U.S. 138, 150–51, 103 S.Ct. 1684, 75 L.Ed.2d 708 (1983) (explaining that *Pickering* requires balancing the government's interest in efficiency and discipline against the employee's speech interest).

Although we agree that much of the speech did not touch on a matter of public concern, the presence of even some speech that touches on a matter of public concern necessitates performing the *Pickering* balancing. *See id.* at 148–50, 103 S.Ct. 1684 (proceeding to the *Pickering* balancing despite that only one of plaintiff's questions was on a matter of public concern while

---

1. Plaintiff-appellant Phillip Fayon is no longer pursuing his appeal.

the remainder of plaintiff's questionnaire was not). Because at least some of Munroe's speech *arguably* concerned a public issue, *see Mandell v. County of Suffolk,* 316 F.3d 368, 383 (2d Cir.2003) (holding that plaintiff's speech was on a matter of public concern and rejecting defendant's characterization of the speech as simply a disgruntled employee's complaint about his own promotional opportunities); *Donahue v. Windsor Locks Bd. of Fire Commissioners,* 834 F.2d 54, 58 (2d Cir.1987) (finding that the speech was on a matter of public concern despite that the underlying events giving rise to the speech were primarily of significance to plaintiff and his wife), we think that the district court cut off the analysis too early. It should have proceeded to perform the *Pickering* balancing as well as an analysis of the remaining factors mentioned above.

■ We find as a matter of law that factors (1) and (2) are satisfied. However, we are unable to find factor (3) as a matter of law because it involves defendants' motives, and this involves unresolved questions of fact. *See Johnson,* 342 F.3d at 114–15 (finding that a factual issue existed over the employer's motives for firing employee because the employee would not have been fired if he had not written the letters that led to the disruption). However, even if the employer wins on the *Pickering* balancing, "the employee may still carry the day if he can show that the employer's motivation for the discipline was retaliation for the speech itself, rather than for any resulting disruption." *Melzer v. Bd. of Educ.,* 336 F.3d 185, 193 (2d Cir.2003). We therefore remand for this narrow finding.

We have considered all other arguments and deem them to be without merit. We thus affirm the decision of the district court in all other respects.

Accordingly, for the reasons set forth above, the judgment of the District Court is hereby **AFFIRMED in part and VACATED and REMANDED in part.**